[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 414.]

IN RE APPLICATION OF BLAND.

[Cite as *In re Application of Bland*, 2001-Ohio-1319.]

*Attorneys at law—Application to take Ohio Bar Examination denied when applicant fails to provide requested information about his plans to repay defaulted student loans—Future application not to be considered unless complete.*

(No. 01-790—Submitted June 20, 2001—Decided September 26, 2001.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 213.

————————————

*Per Curiam.*

{¶ 1} In January 1999, the applicant, Brett Alan Bland of Akron, Ohio, applied to register for admission to practice law in Ohio. In June 1999, the two members of the Bar Applicants' Committee of the Akron Bar Association who interviewed Bland noted that he was in default on his student loans and requested both further information about the loans and Bland's plans to repay them. The committee recommended that Bland's application be approved if he furnished the requested information.

{¶ 2} During the months of July and August 1999, each time the Admissions Office of the Supreme Court attempted to obtain information concerning the loans from Bland, he promised to provide it but did not do so. In September 1999, not having yet furnished the requested information to the Admissions Office, Bland said that he would provide no further information and "I leave it up to you guys to accept or reject me." The Admissions Office returned the file to the Akron Bar Association, which scheduled Bland for a re-interview.

After Bland failed to appear for the interview, the Bar Applicants' Committee of the Akron Bar Association restated its original recommendation.

{¶ 3} The matter was then referred to a panel of the Board of Commissioners on Character and Fitness ("board"). Bland and the Akron Bar Association waived a hearing. The panel concluded that because he submitted an incomplete application by not providing information about his defaulted student loans, Bland had not met the burden of showing by clear and convincing evidence that he possessed the requisite character, fitness, and moral qualifications to be admitted to the bar. The panel recommended that Bland's application for admission not be approved and that, in the event Bland desires to apply again for admission to the Bar of Ohio, he be required to begin the application process again with the submission of a complete application.

{¶ 4} The board adopted the findings, conclusions, and recommendations of the panel.

{¶ 5} We have reviewed the file in this case and adopt the findings, conclusions, and recommendation of the board. Brett Bland's 1999 application to register for admission to the Bar of Ohio is not approved. Further, in the event Bland desires to apply again for admission to the Bar of Ohio, he will be required to begin the application process again with the submission of a complete application. Costs are taxed to the applicant.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Blake R. Gerney,* for Akron Bar Association Admissions Committee.
*Brett Bland, pro se.*

————————————